# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CR-24-130-SLP |
| ADRIAN NARVAEZ CRUZ, | ) ) ) |
| Defendant. | ) |

## **O R D E R**

Before the Court is Defendant Adrian Narvaez Cruz's Motion for Severance and Brief in Support [Doc. No. 489]. At the pretrial conference held in this matter on March 25, 2025, the Government made a record of its objection to the requested relief and the Court announced that the request for severance would be denied, with this written Order to follow.

The Second Superseding Indictment charges Defendant Cruz with drug conspiracy (Count 1). Co-defendants Denis Leal Gutierrez and Cesar Azamar Aguilar are also charged in Count 1.[1] The remaining two co-defendants, Hernandez Flores and Gaudalupe Muniz are charged in Counts 3-16 with money laundering offenses.

Defendant Narvaez Cruz seeks severance of his trial from that of the other remaining co-defendants on grounds that the "overwhelming majority of evidence deals with the actions of the co-defendants totally separate and apart from [him]." Mot. at 2. Defendant

---

[1] Additional co-defendants were charged in Count 1 but have since entered guilty pleas and will not be tried with Defendant.

contends that of the thousands of pages of discovery produced, his involvement "consists of approximately 30 pages" and he would "be a simple spectator during the majority of the presentation of evidence" which "relates not in the slightest" to him. *Id*. Defendant, therefore, argues that he runs the risk of being found "guilty by association as opposed to the actual minimal evidence [the Government] ha[s] against him." *Id*.

As the Government argued, as a preliminary matter, the Motion is untimely.[2] And Defendant has made no good-cause showing to support untimely consideration of it. *See* Fed. R. Crim. P. 12(c)(3). But even if the Court were to consider the Motion, Defendant has failed to demonstrate severance is warranted.

In a conspiracy case, such as this one, a defendant requesting severance must overcome a rebuttable presumption that co-conspirators should be tried together. *United States v. Wardell*, 591 F.3d 1279, 1299 (10th Cir. 2009). Additionally, a defendant bears the "heavy burden" of showing "real prejudice." *Id*. Such prejudice occurs when there is "a serious risk that a joint trial will compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Id*. (internal quotations marks and citation omitted).

---

[2] The Court entered a Scheduling Order [Doc. No. 174] in this case, setting September 8, 2024 as the deadline to file severance motions. But Defendant was not arraigned until January 6, 2025 so he could not have met that deadline. Defendant otherwise was required to file his pretrial motion within twenty-one days of the date of his arraignment, or by January 27, 2025. *See* L.Cr.R. 12.1(a). His Motion was not filed until March 18, 2025, long after the expiration of that deadline. Defendant offers no explanation for the late filing or argument that good cause exists to excuse the late filing.

Defendant does not identify any specific trial right that would be compromised absent severance.  Instead, his argument appears to focus on the jury's inability to make a reliable judgment about his guilt or innocence.  He focuses on the alleged disparity in the evidence against him, as compared to that against his co-defendants.  But such a disparity in the evidence is insufficient to warrant severance.  *See Wardell*, 591 F.3d 1279, 1300 (defendant's contention "that he was prejudiced by the disparity between the incriminating evidence against him, on the one hand, and against [his co-defendants] on the other . . . is without merit" as the "nearly insuperable rule in this circuit is that a defendant cannot obtain severance simply by showing the evidence against a co-defendant is more damaging than the evidence against [him]self.") (citations omitted); *see also United States v. Jones*, 530 F.3d 1292, 1303 (10th Cir. 2008) ("As a general rule, neither 'a mere allegation that defendant would have a better chance of acquittal in a separate trial' nor an argument that evidence against one defendant would have a 'spillover effect' on another defendant demonstrates prejudice." (*quoting United States v. Small*, 423 F.3d 1164, 1182 (10th Cir. 2005)).

Otherwise, the "important considerations of economy and expedition in judicial administration" weigh in favor of a single trial of the defendants in this case.  *Jones*, 530 F.3d at 1304.  Moreover, any prejudice to Defendant can be addressed through jury instructions directing the jury "to give separate and individual consideration to each charge against each defendant."  *Wardell*, 591 F.3d at 1301.  Accordingly, the Court finds

3

Defendant has failed to meet his burden to demonstrate severance from his co-defendants is warranted.[3]

IT IS THEREFORE ORDERED that Defendant Adrian Narvaez Cruz's Motion for Severance and Brief in Support [Doc. No. 489] is DENIED.

IT IS SO ORDERED this 27th day of March, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[3] Alternatively, Defendant rather conclusorily seeks relief pursuant to Fed. R. Crim. P. 2 which provides: "These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." The Court finds a separate trial of Defendant would tend to create, not eliminate, "unjustifiable expense and delay" and, therefore, that Rule 2 does not provide a basis for granting Defendant the requested relief.